OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 5, 1999

The Honorable Florence Shapiro
Chair, State Affairs Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0010

Re: Whether a "Rules and General Conditions of Parole Release" contract that requires the parolee to "comply with Sex Offender Registration Program" in and of itself obligates a local law enforcement authority to register the parolee (RQ-1113)

Dear Senator Shapiro:

You ask whether a local law enforcement agency must as a matter of law register a parolee as a sex offender on the sole ground that the parolee's parole contract mandates that he or she "comply with Sex Offender Registration Program." In this opinion a law enforcement agency's duty to register a parolee as a sex offender refers to the agency's duty to forward a completed registration form to the Department of Public Safety, *see* TEX. CODE CRIM. PROC. ANN. art. 62.02(c) (Vernon Supp. 1999), and in certain cases to publish notice of the person's name and intended residence, *see id.* art. 62.03(e)(f). We conclude that a contract between the parolee and a representative of the Texas Department of Criminal Justice's Pardons and Paroles Division (the "Pardons and Paroles Division") setting out the conditions of parole does not by itself obligate the local law enforcement authority to register the parolee. You do not ask, and we do not consider, whether the law precludes a local law enforcement authority from registering a parolee in these circumstances.

Your request derives from the following facts. In March 1991, an individual received a juvenile adjudication for delinquent conduct involving a sex offense against a minor. The Texas Youth Commission released this person from custody for that offense in December 1992. Two years later this same person was imprisoned for a burglary conviction. He was paroled in June 1997. As one of the conditions of his parole, the Pardons and Paroles Division of the Texas Department of Criminal Justice required the individual, and he agreed, to "comply with Sex Offender Registration Program." Apparently in compliance with the conditions of his parole, the parolee appeared at the Arlington Police Department ("police department") to register as a sex offender. The police department gathered from the parolee the information required by the Sex Offender Registration Program set forth in chapter 62 of the Code of Criminal Procedure, including his fingerprints and photograph. After consulting the Arlington City Attorney, the police department determined that it was not required under the provisions of chapter 62 to register the parolee and, in fact, did not do

so. In February 1998, the parolee allegedly abducted and killed a young Arlington woman. The parolee has been convicted of the crime and has been sentenced to death by lethal injection.

In our opinion, the parole contract between a parolee and the Pardons and Paroles Division, which requires a parolee to "comply with Sex Offender Registration Program," does not obligate a local law enforcement authority to register the parolee as a sex offender. The contract, partly titled "Rules and General Conditions of Parole Release," represents an agreement between the Pardons and Paroles Division and the parolee. *Accord* TEX. GOV'T CODE ANN. § 508.154(a) (Vernon 1998) (requiring that inmate who is to be released on parole be furnished a contract clearly and intelligibly stating conditions and rules of parole). In a nutshell, the contract sets out the conditions the parolee agrees to and the penalties upon the parolee's failure to comply with the agreed upon conditions:

> In consideration of the parole granted to me by the Board of Pardons and Paroles (Board) I do hereby accept such parole. I recognize that my parole release is conditional and agree to abide by the following terms and conditions:
>
> . . . .
>
> M.    Releasee shall comply with Sex Offender Registration Program.
>
> . . . .
>
> I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Parole shall be sufficient cause for revocation of Parole . . . .

This agreement is signed by only the parolee and a representative of the Pardons and Paroles Division.

Your question, we note, depends in part on the construction of the terms of the parole contract between the parolee and the Pardons and Paroles Division, which requires a parolee to "comply with Sex Offender Registration Program." You appear to construe the contract's sex offender registration requirement to require the parolee to register as a sex offender, independent of any statutory obligation to register imposed by chapter 62 of the Code of Criminal Procedure. The City of Arlington articulates another plausible interpretation of the same provision: "The City of Arlington believes that [this condition] requires a parolee to register as a sex offender only if the parolee is required to do so by the provisions of the Sex Offender Registration Law." Letter from Gregory S. Norris, Assistant City Attorney, City of Arlington, to The Honorable Dan Morales, Texas Attorney General 1 (Apr. 27, 1998) (on file with the Opinion Committee). In other words, the term "comply" may be read to require registration or, alternatively, to require registration only if the

parolee is required to do so under the Sex Offender Registration Program, chapter 62 of the Code of Criminal Procedure. We do not construe contracts and cannot in this opinion choose between the possible constructions of the sex offender registration requirement in the parole contract. *See* Tex. Att'y Gen. Op. Nos. DM-494 (1998) at 5 n.22; DM-383 (1996) at 2; DM-192 (1992) at 10.

Even if we assume, as you do, that the parole contract requires a parolee who is not otherwise required by statute to register as a sex offender to do so, the parole contract does not obligate a law enforcement agency to register that person as a sex offender under chapter 62. Initially, assuming the parole contract is indeed a contract, nothing in it imposes or purports to impose duties upon any entity not a signatory to the contract, including a local law enforcement authority.

A law enforcement authority is required by the state to register only a person having a "reportable conviction or adjudication" as that phrase is defined by article 62.01 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 62.01(5), .02(c), .03(e)(f) (Vernon Supp. 1999). We do not know whether it is true, but we assume as you have requested that the parolee does not have a reportable conviction or adjudication. Absent a reportable conviction or adjudication, we know of no law requiring a law enforcement authority to register an individual as a sex offender under the Sex Offender Registration Program in chapter 62 of the Code of Criminal Procedure.

Moreover, the Pardons and Paroles Division may not amend the definition of "reportable conviction[s] or adjudication[s]" in article 62.01(5) to include additional offenses for which the Pardons and Paroles Division may deem sex offender registration a fitting condition for parole. Reportable convictions and adjudications are defined in the statute by the legislature. While section 508.221 of the Government Code authorizes the Pardons and Paroles Division to impose any reasonable condition upon a parolee, it does not purport to amend the statutory definition of "reportable conviction or adjudication" under article 62.01(5), which would in turn trigger a law enforcement agency's duty to register an individual as a sex offender. *See* TEX. GOV'T CODE ANN. § 508.221 (Vernon 1998); *see also* TEX. CRIM. PROC. ANN. art. 42.12, § 11(a) (Vernon Supp. 1999) ("The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.").

The legislature implicitly has recognized that the power to define the term "reportable convictions or adjudications" lies with it and not with the Pardons and Paroles Division. Section 508.186(a) of the Government Code directs the Division to require, as a condition of parole or mandatory supervision, a person with a reportable conviction or adjudication to register as a sex offender. This provision presumes that the legislature has defined for the Division the circumstances in which sex offender registration must be imposed as a condition of parole or mandatory supervision. We therefore infer that the legislature defines what is a reportable conviction or adjudication and that it did not intend to permit the Division to define alternative circumstances that require sex offender registration as a condition of parole or mandatory supervision.

Consistent with our long-standing policy, we answer only the question you ask. *See* Tex. Att'y Gen. Op. No. JM-567 (1986) at 2.   You do not ask several questions that may be pertinent. You do not ask, and we do not address, whether a law enforcement authority may register a parolee who otherwise is not required by statute to register as a sex offender under chapter 62.  Nor do we address the liabilities, if any, for doing so.  You also do not ask whether the parolee's prior juvenile adjudication constitutes a reportable conviction or adjudication, and if so, whether a law enforcement agency has any discretion in registering that person as a sex offender.

We also do not consider two questions the Arlington Police Department asked regarding a parolee's obligation to register as a sex offender when chapter 62 of the Code of Criminal Procedure does not require the parolee to register.  A police department is not among those authorized to request an opinion of this office, as listed in sections 402.042 and 402.043 of the Government Code. Consequently, section 402.045 of the Government Code precludes this office from rendering an opinion in answer to the police department's questions.

### S U M M A R Y

A parole contract that obligates a parolee to "comply with Sex Offender Registration Program" does not in and of itself impose a duty on a local law enforcement authority to register the parolee as a sex offender under the Sex Offender Registration Program in chapter 62 of the Code of Criminal Procedure.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General